# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 11, 2012

142323

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                        SC: 142323
COA: 292469
Wayne CC: 08-014196-FH

JOSEPH ALEXANDER FRANKLIN,
      Defendant-Appellee.

_____/

      On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the November 16, 2010 judgment of the Court of Appeals. Although the Court of Appeals correctly held that MCR 6.310(B)(2)[1] requires the trial court to "provide the defendant the opportunity to affirm or withdraw the plea," the Court of Appeals erroneously held that the failure to provide such an opportunity resulted in plain error requiring reversal. First, given this Court's holding in *People v Grove*, 455 Mich 439 (1997), that the trial court could reject the entire plea agreement and subject the defendant to a trial on the original charges over the defendant's objection, the trial court's error in this case was not "plain, i.e., clear or obvious." *People v Carines*, 460 Mich 750, 763 (1999). However, in the future, such an error will be "plain" because we take this opportunity to clarify that, as both parties agree, *Grove* has been superseded by MCR 6.310(B). Furthermore, even if the error here was plain and resulted in outcome determinative prejudice, this Court still "must exercise its discretion in deciding whether to reverse." *Carines*, 460 Mich at 763. Under these circumstances, where the defendant did not just fail to object at sentencing, but also failed to object during the subsequent trial and waived his right to a jury trial, this Court is exercising its discretion in favor of not reversing the defendant's convictions. "Any other conclusion would be contrary to the rule that defendants cannot 'harbor error as an appellate parachute.'" *People v Pipes*, 475 Mich 267, 278 n 39 (2006) (citation omitted). We REMAND this case to the Court of Appeals for consideration

---

[1] The Court of Appeals erroneously cited MCR 6.310(B)(2)(a) when it should have cited MCR 6.310(B)(2)(b).

of the defendant's remaining appellate issues. The Court of Appeals is specifically directed to consider the applicability of *Lafler v Cooper*, ___ US ___ (2012), to defendant's ineffective assistance of counsel claim.

We do not retain jurisdiction.

CAVANAGH, J. (*dissenting*).

I would affirm the judgment of the Court of Appeals. In my view, the Court of Appeals did not clearly err by concluding that defendant established that he was entitled to relief under plain-error review. The trial court's failure to comply with the language of the court rule ultimately deprived defendant of his opportunity to affirm his plea and the benefit of his agreement with the prosecution. Accordingly, I respectfully dissent.

MARILYN KELLY and HATHAWAY, JJ., join the statement of CAVANAGH. J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 11, 2012

Clerk